1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8

PETER SCHAUB,

No. C17-1734RSL

9

Plaintiff,

10

v.

ORDER OF DISMISSAL AND
REMAND

11

WELLS FARGO HOME MORTGAGE,
N.A., *et al.*,

12
13

Defendants.

14
15
16

On November 16, 2017, Wells Fargo removed this action from King County Superior

17

Court asserting federal question jurisdiction. The parties agree, however, that the only federal

18

claims asserted in this litigation fail as a matter of law. Dkt. # 6 at 5-7; Dkt. # 9 at 1. Wells

19

Fargo's motion to dismiss (Dkt. # 6) is therefore GRANTED in part and plaintiff's RESPA

20

claims are DISMISSED with prejudice.

21

When this case was removed to federal court, original jurisdiction over the claims

22

asserted under federal law existed, and the Court had supplemental jurisdiction over the related

23

state law claims. 28 U.S.C. § 1367(a). The Court does not lose subject matter jurisdiction in

24

these circumstances, but it has the discretion to decline to continue to exercise supplemental

25

jurisdiction. <u>Carlsbad Tech., Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 639 (2009) (citing 28 U.S.C.

26

§ 1367(c)). Pursuant to § 1367(c), the Court may decline to exercise supplemental jurisdiction if any one of the following factors is implicated:

> (1) the claim raises a novel or complex issue of State law;

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

> (3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

At least two, if not three, of the factors trigger the Court's discretion in this case: all claims over which the Court had original jurisdiction have been dismissed, the remaining state law claims dominate, and the application of state law in the context of a mortgage foreclosure and modification raises uniquely state law issues regarding which the federal courts have not always been the best prognosticators.

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the Gibbs values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (referring to United Mine Workers v. Gibbs, 383 U.S. 715 (1966)) (internal quotation marks omitted). In light of the lack of any substantive rulings made in this case to date, the exclusively state law matters at issue, and the fact that decisions regarding the duties of lenders when considering a loan modification should be reviewed by the state appellate courts, not the Ninth Circuit, the Court finds that a remand is appropriate.

1
2
3
4
5
6

Wells Fargo's motion to dismiss (Dkt. # 6) is GRANTED in part. The RESPA claims are DISMISSED with prejudice. The Clerk of Court is directed to remand the remaining state law claims to King County Superior Court, which can determine whether plaintiff's Consumer Protection Act claim is viable and whether plaintiff should be given leave to amend to allege additional state law causes of action.

7

8

Dated this 8th day of May, 2018.

9
10

_MW S Lasnik_____
Robert S. Lasnik
United States District Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26